IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **TRUSTEES OF THE 4TH DISTRICT IBEW HEALTH FUND**<br>**3150 U.S. ROUTE 60**<br>**ONA, WV 25545** | *<br><br>*<br><br>* | CASE NO. 2:19-cv-00610<br><br>JUDGE: |
| **Plaintiff,** | * | |
| v. | * | |
| **E.L.M. ELECTRIC AND CONTRACTING LLC**<br>**77 PRAIRIE HILLS ROAD**<br>**ELKVIEW, WV 25071** | *<br>*<br>* | **COMPLAINT** |
| **Defendant.** | * | |

## JURISDICTION AND VENUE

1.      This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et. seq.* Jurisdiction over suits against an employer for failing to make contributions to employee benefit funds as required is conferred upon this Court by ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145. This action also arises under the Labor Management Relations Act of 1947 (LMRA) § 301(a), 29 U.S.C. § 185(a), granting jurisdiction to this Court over suits for violations of a collective bargaining agreement between an employer and labor organization.

2.      Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the cause of action described herein occurred within the jurisdiction of the U.S. District Court for the Southern District of West Virginia.

## PARTIES

3.      Plaintiffs, Trustees of the 4th District IBEW Health Fund ("Fund"), are the Trustees of a multi-employer benefit plan and employee welfare benefit plan within the meaning of ERISA §3(1), (3), 29 U.S.C. § 1002(1), (3). Plaintiffs receive certain fringe benefit contributions from

signatory employers for the purpose of providing fringe benefits to covered employees ("Participants"). Plaintiffs' principal place of business is located at 3150 U.S. Route 60, Ona, West Virginia 22545.

4. Defendant E.L.M. Electric and Contracting LLC ("E.L.M.") is a West Virginia limited liability company that performed worked in the State of West Virginia, with its principal place of business located at 77 Prairie Hills Road, Elkview, West Virginia 25071. At all material times, Defendant has been an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant is engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

## BACKGROUND

5. E.L.M. is a contractor in the electrical industry and is signatory to collective bargaining agreements with Local Union 466 of the International Brotherhood of Electrical Workers ("IBEW").

6. At all relevant times, E.L.M., designated the West Virginia/Ohio Valley Chapter of the National Electrical Contractors Association ("NECA") as its representative for collective bargaining with IBEW Local Union 466 with respect to all current and future inside labor agreements.

7. On or about June 1, 2018, NECA and IBEW Local Union 466 entered into an Inside Agreement. (Exhibit A-1). This Inside Agreement required City to make contributions to the Fund on behalf of covered employees, and furthermore incorporates by reference the Agreement and Declaration of Trust governing such health fund. (Ex. A-1, Sec. 6.02).

8. At all relevant times, E.L.M. designated NECA as its representative for collective bargaining with IBEW Local Union 466 with respect to all current and future 4th District Central Regional Agreements.

9. On or about January 1, 2018, NECA and IBEW Local Union 466 entered into a Central Regional Agreement. (Exhibit A-2). The Central Regional Agreement requires fringe benefit

contributions in accordance with the respective local union inside labor agreements. (Exhibit A-2, p.22 / CBA p. 19).

10. The aforementioned Agreements shall hereinafter be referred to collectively as "the CBAs".

## STATEMENT OF CLAIM

### COUNT I
(ERISA Section 515, 29 U.S.C. Section 1145 – Failure to Pay Contributions)

11. Plaintiffs reallege each averment as set forth above as if fully rewritten herein.

12. At all times relevant herein, E.L.M. was a party to and agreed to abide by the terms of the CBAs. (Ex. A-1 and A-2).

13. The CBAs incorporate the Fund's Trust Agreement. (Exhibit B). The Trust Agreement, at Article III, grants authority to Plaintiffs, as Trustees of the Fund, to create a Collection Policy. (Exhibit C).

14. The Collection Policy requires E.L.M. to make all monthly reports and contributions before the 15th day of the month following the month in which work was performed. In the event contributions are not made by the 15th day of the month, they are considered delinquent and are subject to liquidated damages and interest charges. (Ex. C at p.2).

15. For the months prior to and including March through June 2019, E.L.M. has failed to submit the required reports and/or contributions to the Fund. Unpaid contributions for these months are not less than $11,726.27.

16. Despite repeated demand to do so, E.L.M. has failed and otherwise neglected to make payment to the Fund.

17. Under the terms of the CBAs and ERISA § 502(g), 29 U.S.C. § 1132(g), the amounts owed for contributions are immediately due, as well as interest and liquidated damages on said contributions.

3

18. E.L.M.'s failure to forward contributions, interest, liquidated damages and other amounts due and owing violates ERISA § 515, 29 U.S.C. § 1145, and Plaintiffs seek to remedy that violation pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

## COUNT II
(LMRA Section 301, 29 U.S.C. Section 185 – Breach of Contract)
(Failure to Pay Contributions)

19. Plaintiffs reallege each averment as set forth above as if fully rewritten herein.

20. At all times relevant herein, E.L.M. was a party to and agreed to abide by the terms of the CBAs. (Ex. A-1 and A-2).

21. The CBAs incorporate the Fund's Trust Agreement. (Exhibit B). The Trust Agreement, at Article III, grants authority to Plaintiffs, as Trustees of the Fund, to create a Collection Policy. (Exhibit C).

22. The Collection Policy requires E.L.M. to make all monthly reports and contributions before the 15th day of the month following the month in which work was performed. In the event contributions are not made by the 15th day of the month, they are considered delinquent and are subject to liquidated damages and interest charges. (Ex. C at p.2).

23. For the months prior to and including March through June 2019, E.L.M. has failed to submit the required reports and/or contributions to the Fund. Unpaid contributions for these months are not less than $11,726.27.

24. Despite repeated demand to do so, E.L.M. has failed and otherwise neglected to make payment to the Fund.

25. Defendant's failure to forward contributions, interest, liquidated damages and other amounts that are due and owing is a breach of the CBA, and Plaintiffs seek to remedy that breach pursuant to LMRA § 301, 29 U.S.C. § 185.

## **COUNT III**
(ERISA Section 515 – Failure to Pay Liquidated Damages and Interest)

26. Plaintiffs reallege each averment as set forth above as if fully rewritten herein.

27. At all times relevant herein, E.L.M. was a party to and agreed to abide by the terms of the CBAs. (Ex. A-1 and A-2).

28. The CBAs incorporate the Fund's Trust Agreement. (Exhibit B). The Trust Agreement, at Article III, grants authority to Plaintiffs, as Trustees of the Fund, to create a Collection Policy. (Exhibit C).

29. The Collection Policy requires E.L.M. to make all monthly reports and contributions before the 15th day of the month following the month in which work was performed. In the event contributions are not made by the 15th day of the month, they are considered delinquent and are subject to liquidated damages and interest charges. (Ex. C at p.2).

30. The Fund assesses liquidated damages and interest for delinquent payments because failure to timely remit contributions jeopardizes the financial stability of the Fund and increases the administrative expense of the Fund.

31. The Collection Policy requires interest to be assessed at the rate of 1% from the first day of the month following the month the contributions were due. Liquidated damages are assessed at the rate of 10% for the first delinquent payment in a twelve (12) month period, 15% for the second delinquent payment in a twelve (12) month period and 20% for the third and all subsequent delinquent payments in a twelve (12) month period. (Ex. C at p. 2.)

32. For the months of June 2018 through June 2019, E.L.M. has failed to timely submit the required reports and/or contributions to the Fund. As a result, E.L.M. is liable for liquidated damages for the delinquent contributions during those months of not less than $8,604.01. This amount may increase if E.L.M. fails to timely pay contributions due to the Fund after the filing of this lawsuit.

5

33. For the months of June 2018 through June 2019, E.L.M. failed to timely pay contributions to the Fund. As a result, E.L.M. is liable for interest on the delinquent contributions during those months of not less than $1,082.58. This amount will continue to increase until E.L.M. pays all contributions due to the Fund.

34. Despite repeated demand to do so, E.L.M. has failed and otherwise neglected to make payment to the Fund.

35. Defendant's actions violation ERISA § 515, 29 U.S.C. § 1145 and Plaintiffs seek to remedy that violation pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

## **COUNT IV**
(LMRA Section 301 – Breach of Contract)
(Failure to Pay Liquidated Damages and Interest)

36. Plaintiffs reallege each averment as set forth above as if fully rewritten herein.

37. At all times relevant herein, E.L.M. was a party to and agreed to abide by the terms of the CBAs. (Ex. A-1 and A-2).

38. The CBAs incorporate the Fund's Trust Agreement. (Exhibit B). The Trust Agreement, at Article III, grants authority to Plaintiffs, as Trustees of the Fund, to create a Collection Policy. (Exhibit C).

39. The Collection Policy requires E.L.M. to make all monthly reports and contributions before the 15th day of the month following the month in which work was performed. In the event contributions are not made by the 15th day of the month, they are considered delinquent and are subject to liquidated damages and interest charges. (Ex. C at p.2).

40. The Fund assesses liquidated damages and interest for delinquent payments because failure to timely remit contributions jeopardizes the financial stability of the Fund and increases the administrative expense of the Fund.

41. The Collection Policy requires interest to be assessed at the rate of 1% from the first day of the month following the month the contributions were due. Liquidated damages are assessed at the rate of 10% for the first delinquent payment in a twelve (12) month period, 15% for the second delinquent payment in a twelve (12) month period and 20% for the third and all subsequent delinquent payments in a twelve (12) month period. (Ex. C at p. 2.)

42. For the months of June 2018 through June 2019, E.L.M. has failed to submit the required reports and/or contributions to the Fund. As a result, E.L.M. is liable for liquidated damages for the delinquent contributions during those months of not less than $8,604.01. This amount may increase if E.L.M. fails to timely pay contributions due to the Fund after the filing of this lawsuit.

43. For the months of June 2018 through June 2019, E.L.M. failed to timely pay contributions to the Fund. As a result, E.L.M. is liable for interest on the delinquent contributions during those months of not less than $1,082.58. This amount will continue to increase until E.L.M. pays all contributions due to the Fund.

44. Despite repeated demand to do so, E.L.M. has failed and otherwise neglected to make payment to the Fund.

45. Defendant's actions are in violation of the CBA and Plaintiffs seek to remedy that violation pursuant to LMRA § 301, 29 U.S.C. § 185.

46. A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by 29 U.S.C. § 1132(h).

**WHEREFORE,** Plaintiffs demand the following relief:

A. An Order requiring Defendant to immediately submit all past due contribution reports, or in the alternative, for Defendant to be Ordered to fully comply with a payroll audit of their books and records;

B.    Judgment on behalf of Plaintiffs against Defendant for all unpaid fringe benefit contributions, as determined from Defendant's monthly reports, or as determined by a payroll audit;

C.    Judgment on behalf of Plaintiffs against Defendant for delinquent and unpaid contributions owed by Defendant to Plaintiffs, and for future deductions and fringe benefits that may accrue while this action is pending;

D.    Judgment on behalf of Plaintiffs against Defendant for liquidated damages and interest for late and/or unpaid contributions, and for future liquidated damages and interest for late and/or unpaid contributions that may accrue while this action is pending;

E.    An award of reasonable attorney fees incurred in connection with this action as provided for by the terms of the agreements and ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(D);

F.    An award of statutory post-judgment interest on all delinquent principal contributions found due by this Order as provided for under ERISA § 502(g), 29 U.S.C.§ 1132(g)(2)(B);

G.    An award of costs of the audit incurred by the Plaintiffs as provided for by the terms of the agreements;

H.    That this Court retain jurisdiction over this cause pending compliance with all Orders; and

I.    Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(E).

        **TRUSTEES OF THE 4TH DISTRICT IBEW HEALTH FUND**
        By Counsel,

s/ John F. Dascoli, I.D. #6303
**JOHN F. DASCOLI, PLLC**
2442 Kanawha Boulevard, East
Charleston, West Virginia 25311
(304) 720-8684 Phone
(304) 342-3651 Fax
johnfdascoli@hotmail.com